**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ARTILIUS JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-00803 RHH |
| | ) | |
| SHYANNE M. RILEY, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is the motion of Artilius Jordan, a prisoner, for leave to proceed in forma pauperis in this civil action. [ECF No. 2]. The Court has reviewed the motion, and the financial information provided therein, and has determined to grant the motion and assess an initial partial filing fee of $1.00. The Court has also reviewed the complaint and has determined that it is legally frivolous and/or fails to state a claim upon which relief may be granted. The Court will therefore dismiss this action under 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for counsel will be denied as moot. [ECF No. 3].

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff did not submit a certified inmate account statement with the instant motion, as required by 28 U.S.C. § 1915(a)(2). The Court will assess an initial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). Any claim that plaintiff is unable to pay that amount must be supported by a certified copy of his inmate account statement.

## Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that

2

requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Artilius Jordan, an inmate currently incarcerated at Eastern Reception Diagnostic and Correctional Center (ERDCC), filed the instant action pursuant to 42 U.S.C. § 1983 against Correctional Officer Shyanne Riley, who was working on plaintiff's wing at South Central Correctional Center (SCCC) during the events at issue in the complaint. He sues Riley in her official capacity only.

Plaintiff claims that on August 6, 2024, Correctional Officer Riley was passing out food on plaintiff's wing at SCCC. Plaintiff became angry because he was missing peanut butter from his meal. Plaintiff asserts that he began knocking on his cell door and calling out to Riley to get her attention. When he was unable to do so, he eventually lost his temper and began calling her

3

names. *See* SCCC Grievance 24-1408 ("I attmit [sic] I did cuss at her, that it, and I apologize for calling her out her name, I know I have to control my temper and mouth, but the C/O officers at SCCC was letting the inmates take stuff out my ORD bag. This day 8-6-2024 my ORD bag was missing my peanut butter."). Plaintiff was given a major conduct violation for his behavior. The conduct violation stated that plaintiff had not only cussed at defendant Riley, but also repeatedly kicked his cell door. Plaintiff alleges that Riley lied in the conduct violation about having kicked the cell door.

Plaintiff had a hearing at SCCC on the conduct violation on August 19, 2024, and he was found guilty of the major rule violation. It appears that plaintiff was assigned to Administrative Segregation for a period due to his rule violation. He also appears to have suffered a drop in his custody level. Plaintiff, however, does not indicate how the drop in custody level affected him at the Missouri Department of Corrections (MDOC). He also fails to indicate when or why he was transferred from SCCC to ERDCC.

Last, plaintiff asserts that because he had just finished a Drug Treatment Program at MDOC, he should not have received a drop in his custody level, even though he received a major rule violation at the same time. He states that when other inmates finished the Drug Treatment Program, they "got their date back" or had violations expunged. Nonetheless, these things did not occur for him.

In his request for relief, he seeks to have the major rule violation expunged and to have his custody level put back to its prior level.

## Discussion

Plaintiff can be understood to claim his Fourteenth Amendment due process rights were violated when he was sent to Administrative Segregation when Correctional Officer Riley

4

purportedly lied about him having kicked the cell door causing him to get a major violation and thus, to lose a custody level. To prevail on a Fourteenth Amendment due process claim, a plaintiff must first demonstrate that government action deprived him of life, liberty, or property. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Life or property is not at issue in this case, so to state a viable due process claim, plaintiff must identify a liberty interest. *See Phillips*, 320 F.3d at 847.

Prisoners have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). To prevail on a due process claim based on placement in Administrative Segregation, "an inmate must show that the segregation created an 'atypical and significant hardship on [him] in relation to the ordinary incidents of prison life' to demonstrate that his liberty interest was curtailed." *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002) (quoting *Sandin,* 515 U.S. at 484).

In this case, plaintiff does not describe the conditions in Administrative Segregation, much less allege facts permitting the inference that the segregation imposed an atypical and significant hardship. Assignment to Administrative or Disciplinary Segregation is not, in and of itself, an atypical and significant hardship. *See Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (stating that Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*"); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (stating that plaintiff "has no liberty interest in avoiding administrative segregation unless the conditions of his confinement present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest"). That is so even if the prisoner was sent to Administrative Segregation without cause. *Phillips*, 320 F.3d at 847.

5

Additionally, plaintiff has not indicated that he was required to spend an unduly long period of time in segregation. Thus, plaintiff has not established that the segregation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *See Kennedy v. Blankenship*, 100 F.3d 640, 641-42 (8th Cir. 1996) (stating that 30 days in punitive isolation was not atypical and significant); *Orr v. Larkins*, 610 F.3d 1032, 1033-34 (8th Cir. 2010) (stating that nine months in administrative segregation did not constitute an atypical and significant hardship).

In sum, plaintiff has not shown that his placement in Administrative Segregation imposed "an atypical and significant hardship on him in relation to the ordinary incidents of prison life to demonstrate that his liberty interest was curtailed," and his Fourteenth Amendment due process claims Correctional Officer Riley also fail. *Rahman X*, 300 F.3d at 973.

To the extent plaintiff claims entitlement to relief based on violations of the procedures prescribed by the prison's own rules, he fails to state a claim of constitutional dimension. It is well established that there is no federal constitutional liberty interest in having state officers follow state law or having prison officials follow prison regulations. *Phillips,* 320 F.3d at 847 (citing *Kennedy*, 100 F.3d at 643); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability).

The Court turns to plaintiff's claims against Correctional Officer Riley in her official capacity. A suit against a public official in her official capacity is actually a suit against the entity for which the official is an agent. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). According to the complaint, Riley is employed by MDOC, a state agency. *See Walker v. Mo. Dep't of Corr.*, 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing the MDOC as state agency).

6

To the extent plaintiff can be understood to seek damages against Riley in her official capacity, his claims are barred by the Eleventh Amendment, which prohibits suits for damages against the state, agencies of the state, or state officials acting in their official capacities. *See Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1984). Additionally, "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

To the extent plaintiff can be understood to seek prospective injunctive relief, his claims also fail. Plaintiff does not allege facts that would demonstrate a continuing or impending state action that violates the Constitution, nor does he show that "the entity itself [was the] 'moving force' behind the deprivation." *Graham,* 473 U.S. at 166 (citing *Polk County v. Dodson,* 454 U.S. 312, 326 (1981)). Therefore, plaintiff's official-capacity claims against defendant Riley are subject to dismissal.[1]

For the foregoing reasons, the Court finds the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted.  The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

---

[1] The Court notes that plaintiff has since been transferred from SCCC to ERDCC, thus it appears that his requests for injunctive relief are moot.

registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 9th day of June, 2025.

                                        HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE